USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ROLANDO ALMORIN, on behalf of :
himself and others similarly
situated, et al., :

                                       Plaintiffs, :

  -against- :

2898 BAGEL & BAKERY CORP., :
d/b/a "Nussbaum & Wu," et al.,
                                           :

                                   Defendants. :
-----------------------------------X

12 Civ. 8323 (HBP)

OPINION
AND ORDER

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties joint' application to approve the settlement reached in this matter. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        This is an action for allegedly unpaid wages, overtime and spread of hours pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law. Plaintiffs were formerly employed as counter men and sandwich makers in a small bagel/sandwich ship operated by defendants. Defendants claim that plaintiffs were paid all the amounts they were due; defendants also contend that plaintiff

Almorin is exempt from the FLSA and the Labor Law because he was employed as a manager.

Unlike many FLSA cases, defendants possess time records which they claim demonstrate that plaintiffs were paid all the wages they were owed. If accurate, these time records do tend to bear out defendants' assertions. Plaintiffs respond by asserting that the time records are not accurate and that they understate the amount plaintiffs are owed. Plaintiffs' claim is based almost entirely on their oral testimony

On April 3, 2013, I conducted a lengthy settlement conference that was attended by counsel and the parties. After several hours of discussion, the parties agreed to the terms of a confidential settlement.[1]

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Typically, courts regard

---

[1] Because confidentiality is a material term of the settlement, I shall not disclose its terms in this opinion and order.

2

the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. Beckman v. Keybank, N.A., 12 Civ. 7836 (RLE), 2013 WL 1803736 at *7 (S.D.N.Y. Apr. 29, 2013) (Ellis, M.J.).

I conclude that the settlement reached by the parties is fair and reasonable. Defendants have substantial evidence, both documentary and testimonial, supporting their defense, while plaintiff's claims rest almost entirely on their oral testimony. At the settlement conference, counsel for both sides demonstrated a mastery of the evidence and pertinent legal principles; counsel for both sides also represented their respective clients zealously. Given the conflicting evidence, the quality of the evidence and the allocation of the burden of proof on plaintiffs, the settlement represents a reasonable compromise with respect to contested issues, and, therefore, I approve it. Reyes v. Altamarea Group, LLC, 10 Civ. 6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.)

Dated:  New York, New York
        June 3, 2013

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

3

Copies transmitted to:

Anne Seelig, Esq.
Lee Litigation Group
2d Floor
30 East 39th Street
New York, New York  10016

Raymond Nardo, Esq.
129 Third Street
Mineola, New York  11501